IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

| | | |
|---|---|---|
| Magram v. Bush | ) | Case No. 05-CV-0584 (CKK) |
| Imran v. Bush | ) | Case No. 05-CV-0764 (CKK) |
| Rahmattullah v. Bush | ) | Case No. 05-CV-0878 (CKK) |
| Shaaban v. Bush | ) | Case No. 05-CV-0892 (CKK) |
| Alsawam v. Bush | ) | Case No. 05-CV-1244 (CKK) |
| Ghanem v. Bush | ) | Case No. 05-CV-1638 (CKK) |
| Sameur v. Bush | ) | Case No. 05-CV-1806 (CKK) |
| Al-Harbi v. Bush | ) | Case No. 05-CV-1857 (CKK) |
| Al-Baidany v. Bush | ) | Case No. 05-CV-2380 (CKK) |
| Azeemullah v. Bush | ) | Case No. 06-CV-1686 (CKK) |
| Lal v. Bush | ) | Case No. 06-CV-1763 (CKK) |

_____

**RESPONDENTS' MOTION FOR CLARIFICATION
OR IN THE ALTERNATIVE FOR STAY
AND REQUEST FOR EXPEDITED CONSIDERATION**[1]

Respondents hereby move, through undersigned counsel, for an order clarifying the orders previously entered in these matters that require the filing of factual returns following a decision by the United States Court of Appeals for the District of Columbia Circuit in

---

[1] Respondents respectfully request that petitioners be directed to file any response to this motion no later than March 14, 2007, and that this matter be expedited by the Court. Absent such expedited treatment, the government could be seen as obligated to produce factual returns for the petitioners in the above-captioned cases no later than March 22, 2007, which is the day after petitioners' responses to this motion would otherwise be due. For the reasons explained below, no such obligation should exist.

*Boumediene v. Bush*, No. 05-5062.[2] The orders would appear to require the filing of factual returns on an assumption that the Court of Appeals would conclude in *Boumediene* that there is jurisdiction to proceed in these matters in this Court. But in *Boumediene v. Bush,* No. 05-5062, – F.3d – , 2007 WL 506581 (D.C. Cir. Feb. 20, 2007), *petitions for cert. filed*, – U.S.L.W. – (U.S. March 5, 2007) (Nos. 06-1195, 06-1196), the Court of Appeals held that the District Courts lack jurisdiction over habeas corpus petitions filed by alien enemy combatants held at Guantanamo Bay. Respondents assume that the Court, in entering its orders regarding the filing of factual returns, did not intend to require that factual returns be filed after a determination that jurisdiction does *not* lie in these matters. Respondents thus seek clarification that, in light of the Court of Appeals decision in *Boumediene*, these orders do not require respondents to file factual returns now. Alternatively, should the Court choose not to clarify its orders in that manner, respondents move for an order staying any obligation to file factual returns until forty-five days after a Supreme Court decision, if any, on the merits of the questions in *Boumediene* if that Court grants the petitions for certiorari pending in *Boumediene*, and in a companion case, *Al Odah v. Bush*, and reverses the D.C. Circuit.[3]

---

[2] Those orders are: Magram, No. 05-CV-0584 (dkt. no. 9); Imran, No. 05-CV-0764 (dkt. no. 6); Rahmattullah, No. 05-CV-0878 (dkt. no. 3); Shaaban, No. 05-CV-0892 (dkt. no. 3); Alsawam, No. 05-CV-1244 (dkt. no. 3); Ghanem, No. 05-CV-1638 (dkt. no. 7); Sameur, No. 05-CV-1806 (dkt. no. 5); Al-Harbi, No. 05-CV-1857 (dkt. no. 3); Al-Baidany, No. 05-CV-2380 (dkt. no. 26); Azeemullah, No. 06-CV-1686 (dkt. no. 2); Lal, No. 06-CV-1763 (dkt. no. 3).

[3] Pursuant to Local Rule LcvR 7(m), the undersigned have attempted to confer with counsel for petitioners with regard to the present motion. Petitioners' counsel responded as follows. Petitioners' counsel in *Rahmattullah v. Bush*, No. 05-CV-0878, has represented that he does not object to this motion. Petitioners' counsel in *Alsawam v. Bush*, No. 05-CV-1244, have authorized the undersigned to inform the Court that they "do not oppose a clarification/extension of the Court's order regarding the factual return, with the understanding that [respondents] would merely be asking the court to clarify that the factual return is not due until after the Supreme

1. The habeas corpus petitions filed in the above-captioned cases were brought by aliens held at the Guantanamo Bay Naval Base. Earlier in the course of this litigation, this Court stayed these matters in light of serious questions concerning the Court's jurisdiction to consider the merits of petitioners' claims. In issuing the stays of these cases, the Court ordered that respondents produce factual returns within thirty days of a decision from the United States Court of Appeals for the District of Columbia Circuit on the question of this Court's jurisdiction. On February 20, 2007, the Court of Appeals for this Circuit confirmed that the Military Commissions Act of 2006 ("MCA"), Pub. L. No. 109-366, 120 Stat. 2600 (2006), is constitutional, and therefore, and as a matter of statutory construction, there is no jurisdiction in this Court over petitions for writs of habeas corpus filed by alien enemy combatants held at Guantanamo Bay. *Boumediene v. Bush*. In light of the Court of Appeals decision that this Court lacks jurisdiction, respondents should not be required to produce factual returns.[4]

2. The stay/factual return orders under discussion recite that respondents should be prepared to file factual returns shortly after a ruling by the Court of Appeals on the issue of District Court jurisdiction. Although the decretal language of those orders provides that factual returns should be filed within thirty days after a ruling by the D.C. Circuit without specifying the

---

Court makes a final decision with regard to the Boumediene / Al Odah cases." Petitioners' counsel in *Imran v. Bush*, No. 05-CV-0764, and in *Sameur v. Bush*, No. 05-CV-1806 have reserved their right to oppose this motion. The undersigned have not heard back from counsel for petitioners in the other cases.

[4] Each of the identified petitioners in the above-captioned cases still at Guantanamo Bay (ISNs 187, 197, 244, 150, 890, 327, 535, 044, 659, 1017, 1050, 801) were determined to be enemy combatants and, thus, within the scope of the jurisdiction-limiting provisions of the MCA upheld in *Boumediene*. *See* Declaration of Karen L. Hecker ¶¶ 2–3 (attached as Exhibit A). (The November 3, 2006, declaration of Ms. Hecker states that three detainees "determined to no longer meet the definition of enemy combatant" remain detained at Guantanamo. However, since the date of the declaration, those three have been released from United States custody.)

nature of such a ruling, the order would appear to be premised on the notion that the filing of factual returns would be appropriate if this Court was determined to have jurisdiction. This is so because in the same orders that required the filing of factual returns, the Court stayed these cases pending resolution of the jurisdictional point, presumably because it makes little sense for respondents to be obligated to produce factual returns until the question of jurisdiction is resolved. This Court's orders, therefore, would appear to mean that factual returns should be submitted only upon a resolution of the jurisdictional question in favor of petitioners. Because the Court of Appeals decided to the contrary in *Boumediene*, respondents respectfully submit that the orders should be clarified so as not to require the production of factual returns at this stage. But because the limitation of the factual return obligation to a situation in which the Court of Appeals had decided the issue differently than it did is not explicit in the orders, the undersigned respectfully ask the Court to clarify that there is no present requirement to produce factual returns.

    3. Alternatively, should the Court not clarify its orders in that way, respondents request that any factual return production requirement be stayed until further developments in the Supreme Court. Petitioners in *Boumediene* have petitioned the Supreme Court for writs of certiorari, and have asked that consideration of the petitions be expedited, and that if the petitions are granted, that merits review also be conducted on an expedited basis. *See* Excerpts from Motions for Expedited Consideration filed in *Boumediene v. Bush* (Sup. Ct. 06-1195) and *Al Odah v. Bush* (Sup. Ct. 06-1196), attached as Exhibit B. In fact, the Government has consented to expedited review of the petitions (although not of the merits). *Id*. Consequently, the parties and this Court will likely know in relatively short order whether the Supreme Court will hear the cases decided by the Court of Appeals, and if so, when. Until such time, the law of

this Circuit is that District Courts lack jurisdiction over cases such as these. Unless and until the Supreme Court holds differently, respondents should not be required to proceed where there is no jurisdiction and where to do so would preserve merits review. Because the production of factual returns would constitute the first step of such review, it should not be required unless and until there is a further judicial decision concluding that there is jurisdiction in this Court.[5]

4. The relief requested here is also appropriate for practical reasons. Aside from the fact that the task of assembling the factual returns in question is quite substantial, preparation of at least some of the returns seems unnecessary because the individuals to whom those returns relate are no longer at Guantanamo.[6]

5. For these reasons, respondents respectfully request that the Court clarify that its orders requiring the production of factual returns following a decision by the Court of Appeals in *Boumediene* are not operative in light of the Court of Appeals' decision that there is no District Court jurisdiction over habeas petitions such as these. Alternatively, the Court is respectfully asked to stay any requirement to produce factual returns until forty-five days after a Supreme Court decision, if any, on the merits of the questions in *Boumediene* if the Supreme Court grants

---

[5] Petitioners might argue that they are entitled to the production of factual returns if they decide to file petitions for review of the results of Combatant Status Review Tribunals under the Detainee Treatment Act of 2005, Pub.L. No. 109-148, 119 Stat. 2680 (2005) ("DTA"). Such an argument would present no reason for this Court to exercise jurisdiction to require the production of returns now and in this Court. Even in *Boumediene*, the Court of Appeals declined to convert the matters before it into DTA petitions which would have allowed the cases to proceed in the Court of Appeals without re-filing. Rather, recognizing the lack of District Court jurisdiction in light of the MCA, the Court of Appeals simply directed that the cases before it be dismissed. 2007 WL 506581, *9.

[6] A number of those individuals, Lahsen Ikasrian, Najeeb Al Husseini, Tareq, Mohammed Mazoz, Moussa, and Ridouane Shakur, all petitioners in *Imran v. Bush*, and one other, Mazin Salih Al-Harbi, are no longer at Guantanamo Bay. Two petitioners have not been identified by the government as detainees at Guantanamo Bay.

the petitions for certiorari pending in *Boumediene* and *Al Odah* and reverses the D.C. Circuit.

Dated: March 7, 2007  Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

CARL NICHOLS
Deputy Assistant Attorney General

DOUGLAS N. LETTER
Terrorism Litigation Counsel

 /s/ Judry L. Subar
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
JUDRY L. SUBAR (D.C. Bar 347518)
TERRY M. HENRY
JAMES J. SCHWARTZ
ROBERT J. KATERBERG
NICHOLAS J. PATTERSON
ANDREW I. WARDEN (IN Bar No. 23840-49)
EDWARD H. WHITE
NICHOLAS A. OLDHAM
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.  Rm. 7212
Washington, DC  20530
Tel:  (202) 514-4107
Fax:  (202) 616-8470

Attorneys for Respondents