UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TARIQ MAHMOUD ALSAWAM, | ) |
| | ) |
| Petitioner | ) |
| | ) |
| v. | ) Civil Action No. 05-1244 (CKK) |
| | ) |
| GEORGE W. BUSH, | ) |
| President of the United States, *et al.*, | ) |
| Respondents. | ) |

MOTION FOR A STAY-AND-ABEY ORDER
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

The petitioner, Tariq Mahmoud Alsawam, through undersigned counsel, respectfully moves this Honorable Court to enter the attached proposed Stay-and-Abey Order. In support of this motion, counsel submits the following.

**Procedural and Factual Background**

On June 22, 2005, petitioner filed a *pro se* Petition for Writ of Habeas Corpus. On August 4, 2005, the Court, on the respondents' motion, issued an order staying this matter. The stay was issued to await the decisions in *Boumediene v. Bush* and *Al Odah v. Bush*, then pending before the D.C. Circuit. The Court appointed undersigned counsel on October 14, 2005.

On February 20, 2007, the Circuit issued its opinion in those matters. *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007). The court found that district courts lack subject matter jurisdiction over the habeas petitions filed by the Guantanamo detainees. *Id*. On April 2, 2007, the United States Supreme Court denied the *Boumediene* petitioners' Petition for Writ of Certiorari. *Boumediene v. Bush*, 2007 WL 957363 (U.S., Apr. 2, 2007). However, the D.C.

Circuit has not yet issued the mandate in *Boumediene* and petitioners in that matter have filed a motion seeking a stay of the issuance of the mandate pending completion of proceedings under the Detainee Treatment Act ("DTA") and the filing of a renewed petition for certiorari to review the D.C. Circuit's jurisdictional ruling in *Boumediene*. The D.C. Circuit has not yet acted on that motion.[1]

In light of the statement of Justices Stevens and Kennedy on the denial of certiorari in *Boumediene v. Bush* regarding the exhaustion of available remedies under the DTA, 2007 WL 957363 (U.S., Apr. 2, 2007), petitioner will now file a DTA petition with the Court of Appeals for the District of Columbia Circuit. Petitioner moves this Court to enter a stay-and-abey order while the DTA action is litigated in the Court of Appeals. The DTA litigation will provide the petitioner and this Court requisite information regarding disputed jurisdictional questions pending before this Court. Moreover, that litigation may result in a remand to this Court based on the military's lack of initial jurisdiction over the petitioner, or lead to a limited remand to this Court for resolution of controverted facts, or render some or all of the claims pending before this Court moot.

**Argument**

**A. Dismissal of This Action Would Be Premature.**

On February 20, 2007, a divided panel of the Court of Appeals ruled that the Military Commissions Act of 2006 ("MCA"), Pub. L. No. 109-366, 120 Stat. 2600, stripped the federal

---

[1] In addition to the pending motion in *Boumediene*, currently pending before the United States Supreme Court are a petition for certiorari in *Hamdan v. Rumsfeld*, No. 06-1169, and an original habeas petition in *In re Ali*, No. 06-1194. These matters raise the same jurisdictional issue decided by the D.C. Circuit in *Boumediene*.

courts of jurisdiction over habeas actions, such as this, brought by foreign nationals held at Guantanamo. *Boumediene*, 476 F.3d at 988. On March 5, 2007, the *Boumediene* petitioners filed a certiorari petition in the Supreme Court, and on April 2, 2007, the Court denied the petition. Three Justices dissented from the denial of the petition. *See Boumediene v. Bush*, Nos. 06-1195 & 06-1196, 2007 WL 957363 at *1 (U.S. Apr. 2, 2007) (stating that the jurisdictional and constitutional questions raised by the petitioners "deserve this Court's immediate attention." (Breyer, J., joined by Souter & Ginsburg, JJ., dissenting)). Two other Justices stated that, despite "the obvious importance of the issues raised in these cases," it was "appropriate to deny these petitions *at this time*" in order to require the petitioners to exhaust their DTA remedies. *Id*. (statement of Stevens and Kennedy, JJ., respecting the denial of certiorari) (emphasis added).

Five Justices have thus made clear that, upon the petitioners' exhaustion of their DTA remedies, the Supreme Court will give serious consideration to a renewed certiorari petition seeking review fo the D.C. Circuit's *Boumediene* decision. A majority of the Court, in other words, has left open the possibility that the Court of Appeals' holding might be held erroneous and that it might therefore be appropriate to allow the habeas actions of the petitioners and those similarly situated to proceed in the district courts at some later date.

Indeed, as noted above, two petitions are pending in the Supreme Court that bear directly on the MCA jurisdictional holding of the D.C. Circuit. First is a petition for certiorari before judgment in *Hamdan v. Rumsfeld*, No. 06-1169, seeking review of this Court's ruling on the MCA jurisdictional issue in the context of that case. Hamdan filed his reply brief in support of certiorari on April 10, 2007. Under the Court's posted schedule, the *Hamdan* papers presumably will be distributed for consideration at the Court's Conference on April 27, 2007.

Second is an original habeas petition in *In re Ali*, No. 06-1194, which directly challenges the MCA jurisdictional holding of the Court of Appeals. The Supreme Court considered the *Ali* petition sufficiently serious that it directed the government to respond to the petition. The government's response is due on April 16, 2007. Under the Court's posted schedule, the *Hamdan* papers presumably will be distributed for consideration at the Court's Conference on May 10, 2007.

Under these circumstances, it would be premature for this Court to dismiss petitioner's case for lack of jurisdiction. Rather, this Court should stay this action pending timely filing by petitioner of a DTA petition, and resolution of renewed petitions for certiorari in the Supreme Court challenging the Court of Appeals' jurisdictional holding in *Boumediene* or resolution of the jurisdictional issue in *Hamdan* or *Ali*.

**B.    Where A Federal Habeas Petition Has Been Filed And A Potential Remedy Remains To Be Exhausted, The Supreme Court Has Approved – And, Under Circumstances Present Here, <u>Required</u> – The Procedure Of Entering An Order Staying The Federal Habeas Proceeding And Holding The Case In Abeyance While The Potential Remedy Is Exhausted.**

In *Rhines v. Weber*, 541 U.S. 269 (2005), the Supreme Court explicitly approved the stay-and-abey procedure in the context of federal habeas corpus proceedings. In that case, the prisoner had filed a mixed habeas petition in federal court – one containing both claims exhausted through the state court system and unexhausted claims. Given the major procedural risks of a dismissal order, the Court found that district courts have discretion to enter stay-and-abey orders in the federal habeas case while the unexhausted claims are presented to the state court. The federal habeas corpus case is stayed and held in abeyance for a reasonable time while available state remedies are exhausted.

The *Rhines* court found three preconditions for, in effect, mandatory stay-and-abey. In the absence of intentional dilatory tactics by the petitioner, "it would likely be an abuse of discretion to deny a stay and to dismiss" a petition if the petitioner has good cause for the failure to exhaust and the unexhausted claims are potentially meritorious. *Rhines*, 544 at 278; *accord Pace v. DiGuglielmo*, 544 U.S. 408, 416-17 (2005). The conditions under which failure to stay-and-abey would constitute an abuse of discretion – no deliberate delay, good cause, and potentially meritorious claims – are abundantly present in this case.

First, the petitioner has done nothing to delay and everything to accelerate this case. The stay that has kept his case inactive, except for issues relating to access and attorney-client relations, resulted from the government's motion almost two years ago. This Court filed the petitioner's *pro se* submission as a petition for habeas corpus relief on June 22, 2005, and, through no fault of petitioner, counsel did not appear for him until October 14, 2005. The petitioner has every interest in proceeding promptly. Unlike the death penalty cases that caused the Supreme Court concern in *Rhines*, every day of delay is disastrous for the petitioner.[2]

Second, there is good cause for the failure to exhaust: the potential remedy did not exist until after the habeas corpus petition was filed and did not purport to provide the habeas relief to which the petitioner was entitled at the time the habeas action was filed. In *Pace*, the Court noted that potential confusion regarding state remedies required equitable protections. 544 U.S. at 416. Those complexities are nothing compared to what Guantanamo detainees face. The questions left open in the Supreme Court's decision in *Rasul v. Bush*, 542 U.S. 466 (2004),

---

[2]In *Rhines*, three Justices concurred, stating that stay-and-abey is required in the absence of proof of "intentionally dilatory litigation tactics." 544 U.S. at 279 (Stevens, J., concurring, joined by Justices Ginsburg and Breyer).

5

which established a right to proceed under § 2241 at the time the petitioner submitted his documents, and the subsequent Detainee Treatment Act of 2005 and Military Commission Act of 2006, have resulted in major complexities. The petitioner, from another country, and speaking another language as his native tongue, did not even have the potential DTA remedy prior to October 2006 because, as the Supreme Court held, the DTA did not apply retrospectively to habeas corpus petitions filed prior to the effective date of the statute. *Hamdan v. Rumsfeld*, 126 S.Ct. 2749, 2762-69 (2006). The petitioner had excellent reasons for not initiating the DTA procedures until the denial of certiorari in *Boumediene*.

Third, the claims raised in this Court and to be raised in the DTA petition are meritorious. The factual development in this case establishes numerous violations of the Department of Defense's own standards and procedures as well as the laws and Constitution of the United States. In the event the case is remanded, or if the DTA procedures prove an inadequate substitute for constitutionally-required habeas corpus procedures, this Court should be in position to proceed immediately.

Under the controlling authority of *Rhines*, this Court should enter an order staying the case, as it has been stayed to date, and holding the disposition of the merits in abeyance pending the outcome of the Petition For Immediate Release And Other Relief Under The Detainee Treatment Act Of 2005, which will be filed in the D.C. Circuit by undersigned counsel no later than April 30, 2007.

C.     **Maintenance Of The Status Quo Is Necessary For Adequate Exhaustion Of The DTA Proceedings In The Court Of Appeals.**

In the statement accompanying the *Boumediene* order, two Justices stated: "Were the Government to take additional steps to prejudice the position of petitioners in seeking review in this Court, 'courts of competent jurisdiction,' including this Court, 'should act promptly to ensure that the office and purposes of the writ of habeas corpus are not compromised.'" 2007 WL 957363 (Justices Stevens and Kennedy, statement respecting the denial of certiorari).[3] Any government action to limit the current level of access by counsel to the petitioner severely prejudices both the DTA action and the habeas litigation. This Court should carefully protect the status quo – including the protective order that has governed petitioner's access to counsel – by granting the stay-and-abey order to assure the petitioner is not prejudiced in his ability to litigate the DTA action and to preserve potential remedies before this Court.

The development of the necessary facts and the need for client consultation are basic to the attorney-client relationship. Under the ethical rules governing attorneys, the client must have the opportunity to advise the attorney of relevant facts, to provide direction in the litigation, and to participate in tactical and strategic decisions. To accomplish these ethical obligations under the circumstances of Guantanamo detention has been a challenge. Any disruption of the status quo would severely injure the petitioner's ability to litigate the DTA proceedings and to maintain his separate claims for relief that are pending before this Court.

Staying this action to allow petitioner to exhaust his DTA claims in the Court of Appeals and then seek review of that Court's *Boumediene* jurisdictional holding will protect petitioner

---

[3]Quoting *Padilla v. Hanft*, 547 U.S. 1062 (Kennedy, J., concurring in the denial of certiorari).

because it will save him the uncertainty accompanying attempts to "resurrect" long-dismissed habeas claims following exhaustion of the DTA remedy. Petitioner is concerned, for example, that if his habeas petition remains dismissed, respondents will argue in later court hearings that he may seek review only of the Court of Appeals' DTA determinations. The DTA, in turn, allows challenges only to specified aspects of final decisions of the Combatant Status Review Tribunals ("CSRTs"). Given the risk that petitioner's habeas claim may never be heard on the merits, the most just and efficient way to proceed is for this Court to stay, rather than dismiss, this action. The Court should do so as a precaution, given the statements of Justices Stevens and Kennedy, and it should also act in light of the Supreme Court's directions concerning the proper course of action by a federal court when presented with unexhausted habeas petitions brought pursuant to 28 U.S.C. § 2254. *See Boumediene*, 2007 WL 957363, at *1 (statement of Stevens, J., joined by Kennedy, J., respecting denial of certiorari) ("Were the Government to take additional steps to prejudice the position of petitioners in seeking review in this Court, 'courts of competent jurisdiction,' including this Court, 'should act promptly to ensure that the office and purposes of the writ of habeas corpus are not compromised.'") (citation omitted); *see also Rhines*, 544 U.S. at 277. A stay-and-abey is also the most prudent course given that the mandate has not yet issued in the Court of Appeal's decision upon which the dismissal was based.

In sum, the requested relief will aid petitioner in receiving a speedy review of the constitutional issues presented in his habeas petition once his DTA claims are exhausted. Because there is a reasonable possibility that the Supreme Court will, in the not-too-distant future, find the jurisdictional holding in *Boumediene* to be in error, ordering dismissal of the case now might cause unnecessary additional delay that is contrary to the nature of habeas relief. *See*

*Carafas v. La Vallee*, 391 U.S. 234, 238 (1968) (habeas writ, "shaped to guarantee the most fundamental of all rights, is to provide an effective and speedy instrument by which judicial inquiry may be had into the legality of the detention of a person").

### **Conclusion**

For the foregoing reasons, this Court should enter the attached proposed Order preserving the status quo by continuing its stay of litigation going to the merits of the pending petition for a writ of habeas corpus and holding such litigation in abeyance pending the outcome of the petitioner's Petition For Immediate Release and Other Relief Under The Detainee Treatment Act of 2005, to be filed no later than April 30, 2007.

Respectfully submitted,

Counsel for Petitioner:

_____
Mary Manning Petras

_____
Ketanji Jackson

_____
Lara Quint

Assistant Federal Public Defenders
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C.  20004

(202) 208-7500