UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE:<br><br>**GUANTANAMO BAY DETAINEE LITIGATION** | Misc. No. 08-mc-0442 (TFH)<br><br>Civil Action No. 05-cv-1244 (CKK) |

### ORDER

On January 15, 2009, this Court interpreted its September 11, 2008, Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba ("Guantanamo Bay") (Docket No. 57, 05-cv-1244; Docket No. 409, 08-mc-0442) to permit counsel for a petitioner to review with the petitioner statements in the exhibits to the Classified Factual Return for that petitioner ("classified statements"), if the Privilege Review Team determines the statements were made by that petitioner to agents of the United States government. *See* Docket No. 109, 05-cv-1244; Docket No. 1521, 08-mc-0442. Petitioner's counsel were only permitted to review with the petitioner the text of petitioner's statements, the petitioner's name, and the dates the statements were made. In light of this interpretation, the Court granted Petitioner Tariq Alsawam's (ISN 535) motion to allow his counsel to review a document (*Ex Parte* Exhibit 1) with petitioner that contained classified statements made by petitioner to agents of the United States government.

Pending before the Court is Respondents' Motion to Vacate January 15, 2009, Order and Emergency Request for Stay of Order ("Motion to Vacate") (Docket No. 120, 05-cv-1244; Docket No. 1563, 08-mc-0442), which was filed on the evening of January 29, 2009. Respondents ask the Court to vacate its January 15, 2009, Order since the government has

completed its declassification review of Petitioner Alsawam's classified statements. Respondents contend that "[t]he declassified documents contain no significant redactions of Petitioner's statements." Motion to Vacate 4.  Therefore, according to Respondents, the Court's January 15, 2009, Order is moot, as Petitioner's counsel can now review the declassified version of Petitioner's statements with Petitioner. *Id.* at 5.  Alternatively, Respondents recommend that the Privilege Review Team review *Ex Parte* Exhibit 1 against the declassified material and redact any information that remains properly classified. *Id.*  For the foregoing reasons, Respondents' Motion to Vacate is **DENIED**.

In its Motions to Vacate, Respondents' raise both national security and separation and powers concerns.  The Court recognizes the potential national security issues with disclosing classified information to a detainees and, therefore, will clarify its January 15, 2009, Order (Docket No. 109, 05-cv-1244; Docket No. 1521, 08-mc-0442).

If the government completes a declassification review of a petitioner's classified statements made to agents of the United States government before petitioner's counsel is scheduled to review such statements with petitioner, any document created by petitioner's counsel containing petitioner's classified statements must be screened by the Privilege Review Team.  The Privilege Review Team will compare counsel's document with the declassified material.  If the Privilege Review Team determines that a statement in counsel's document should be redacted because it is not declassified, counsel must present that statement before the appropriate Merit Judge for a particularized determination if it should be released for review with petitioner.

Documents created by petitioner's counsel that contain petitioner's classified statements

made to agents of the United States government are only subject to this declassification screening if (i) the government has completed its declassification review of petitioner's classified statements made to agents of the United States government and (ii) there is sufficient time for the appropriate Merit Judge to adjudicate on whether petitioner can review his classified statements.

In light of Respondents' admission that "no significant redactions of Petitioner's statements" were made in declassifying Petitioner's statements, as well as the time constraints presented by Respondent's request to condition Petitioner's counsel use of *Ex Parte* Exhibit 1 four days before she is scheduled to visit Petitioner at the United States Naval Base in Guantanamo Bay, Cuba, the Court

**ORDERS** that Respondents' Motion to Vacate January 15, 2009, Order and Emergency Request for Stay of Order is **DENIED**.  Petitioner's counsel is permitted to review *Ex Parte* Exhibit 1 with Petitioner, provided the Privilege Review Team has screened the document pursuant to the Court's January 15, 2009, Order.

January 30, 2009                                         /s/
                                                   Thomas F. Hogan
                                              United States District Judge