~~SECRET // NOFORN~~

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

TARIQ MAHMOUD ALSAWAM,

*Petitioner,*

v.

BARACK H. OBAMA, President of the United States, *et al.*,

*Respondents.*

FILED WITH THE
COURT SECURITY OFFICER
CSO: [signature]
DATE: 1/19/2011

Civil Action No. 05-01244 (CKK)

## REDACTED MEMORANDUM OPINION
(January 18, 2011)

Presently before the Court are Petitioner Tariq Mahmoud Alsawam's [218] Motion for Order Directing that Documents Should Not Be Designated as Protected ("Motion for Disclosure") and the Government's [221] Cross-Motion to Confirm Protected Status ("Motion to Confirm"). Based upon the parties' submissions, the attachments thereto, the relevant authorities, and the record as a whole, the Court concludes that the Government has carried its burden of establishing that some—but not all—of the information at issue may be designated as "protected information," and that Petitioner has failed to establish a basis for allowing the public disclosure of any of the information. Accordingly, the Court shall DENY Petitioner's Motion for Disclosure and GRANT-IN-PART and DENY-IN-PART the Government's Motion to Confirm, and afford the Government leave to file a second, and final, motion addressing the concerns identified below.[1]

---

[1] Because this Memorandum Opinion may include "protected information" not suitable for public filing—identified in bold italics—it will, in the first instance, be filed under seal. An unsealed version redacting the information identified will subsequently be released.

<s>

</s>

~~SECRET // NOFORN~~

## I. BACKGROUND

The two motions presently before the Court concern "protected information"—*i.e.*, information that is non-classified but nevertheless deemed unsuitable for public filing. *See* Protective Order & Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba (Sept. 11, 2008) ("Protective Order"), Docket No. [57], ¶ 10. The disclosure of "protected information" is restricted; absent prior authorization either by the Government or this Court, disclosure may not extend beyond Petitioner's counsel, the Court, and the Court's support personnel. *Id.* ¶ 35.

In the event the Government seeks to designate non-classified material as "protected information," it must so notify Petitioner and seek to secure Petitioner's agreement. *Id.* ¶ 34. Where, as here, the parties are unable to reach agreement, the material must be treated as "protected unless and until the Court rules that the information should not be designated as protected." *Id.* The two pending motions ask this Court to determine whether certain information should or should not be designated as "protected information."

The information immediately at issue relates to Paul B. Rester ("Rester"), the Director of the Joint Intelligence Group at Joint Task Force Guantanamo, Guantanamo Bay, Cuba, where Petitioner is detained. Decl. of Paul B. Rester (Mar. 4, 2010) ("Rester Decl."), ¶ 2. In the course of discovery, the Government produced to Petitioner two documents pertaining to Rester (the "Rester Documents")—namely, (a) Rester's responses to several interrogatories propounded by Petitioner; and (b) a stipulation describing elements of Rester's potential testimony at the merits hearing in this action. *See* Paul Rester's Resps. to Pet'r's Second Am. Interrogs. (June 26, 2009)

2

~~SECRET // NOFORN~~

("Interrog. Resps."); Stipulation Regarding Test. of Paul B. Rester (July 29, 2009) ("Stip.").
Broadly speaking, these two documents outline [REDACTED]. *See generally* Interrog. Resps.;
Stip. The precise contents of these documents are discussed more fully below.

On February 2, 2010, Petitioner filed a motion seeking to lift the "protected information" designation from information appearing in the Rester Documents,[2] contending that public disclosure of the information is necessary "to gain support for and secure his release" from federal custody. Pet'r's Mot. for Order Directing that Documents Should Not Be Designated as Protected ("Pet'r's Mem."), at 3. On March 5, 2010, the Government filed an opposition to Petitioner's motion and cross-moved to confirm the "protected information" designation for the information at issue. *See* Resp'ts' Cross-Mot. to Confirm Protected Status & Resp. in Opp'n to Pet'r's Mot. for Order Directing that Documents Should Not Be Designated as Protected. In support, the Government submitted a declaration identifying the nature of the information at issue and providing a rationale for the protection of various categories of information, as well as a color-coded version of the Rester Documents correlating specific items of information with the categories identified. On March 29, 2010, Petitioner filed a reply in support his motion and an opposition to the Government's cross-motion. *See* Reply [sic] to Pet'r's [sic] Cross-Mot. to

---

[2] Because the Government first specifically identified the information it contends is entitled to protected status in support of its Motion to Confirm, which was filed *after* Petitioner filed his opening papers, Petitioner initially sought the right to publicly disclose the entirety of the Rester Documents. *See generally* Pet'r's Mem. Petitioner has since abandoned that position and now limits his motion to specific categories of information designated by the Government. This sequence of events illustrates why the preferred practice in this context is for the Government to file the opening brief, an approach which permits the parties to tailor their arguments to the specific information at issue.

3

~~SECRET//NOFORN~~

Confirm Protected Status & Resp. [sic] in Opp'n [sic] to Pet'r's Mot. for Order Directing that Documents Should Not Be Designated as Protected ("Pet'r's 2d Mem."). On April 8, 2010, the Government filed a reply in support of its cross-motion. *See* Resp'ts' Reply in Supp. of Cross-Mot. to Confirm Protected Status. The two motions are now fully briefed and ripe for adjudication.

## II. LEGAL STANDARD

"[I]nsofar as a party seeks to . . . [publicly disclose] nonclassified information the Government believes should be 'protected,' the Government must give the court a basis for withholding it from public view." *Bismullah v. Gates*, 501 F.3d 178, 188 (D.C. Cir. 2007). The Government may not rest on "spare, generic assertions of the need to protect information," but rather must provide "an explanation tailored to the specific information at issue." *Parhat v. Gates*, 532 F.3d 834, 853 (D.C. Cir. 2008). While the Government is free to employ a categorical approach, *Ameziane v. Obama*, 620 F.3d 1, 7 (D.C. Cir. 2010), it must, at a minimum, provide a "specific" and "tailored" rationale for protecting a general category of information and a precise designation of each item of information that purportedly falls within the category described, *Parhat*, 532 F.3d at 853. In other words, the Government's burden divides into two: it "first must demonstrate *what kind* of information requires protection and *why*, and then must show exactly *what* information in the case at hand it seeks to protect." *Ameziane*, 620 F.3d at 6 (emphasis in original). "[T]he narrower the category for which the [G]overnment seeks protection, the more likely the [G]overnment's rationale will be sufficiently tailored." *Id.* at 7.

Once the Government discharges its burden, the district court must accord substantial

4

~~SECRET // NOFORN~~

weight and deference to the Government's "assessment of the harm to foreign relations and national security that would result from officially disclosing" the information at issue. *Id.* at 7-8. In recognition of the Executive's "far greater resources and aptitude" in such matters, and the federal courts' customary policy of according deference to the Executive in matters of foreign affairs, district courts must refrain from "substitut[ing] their own policy judgments for those of the [E]xecutive." *Id.* at 8. "[T]he failure to give deference when it is due is error." *Id.* at 7 (citing *Fitzgibbon v. Cent. Intelligence Agency*, 911 F.2d 755, 766 (D.C. Cir. 1990)).

Nevertheless, where the specific information at issue has been both publicly disclosed and officially acknowledged, the protection of non-classified information is likely inappropriate. *Bacha v. Obama*, 653 F. Supp. 2d 32, 34 (D.D.C. 2009). Critically, public disclosure alone is insufficient; the disclosure must also be "officially acknowledged." *Fitzgibbon*, 911 F.2d at 765 (internal quotation marks omitted). This principle recognizes that the mere "fact that information exists in some form in the public domain does not necessarily mean that official disclosure will not cause [cognizable] harm" to the Government's interests. *Wolf v. Cent. Intelligence Agency*, 473 F.3d 370, 378 (D.C. Cir. 2007). "[I]n the arena of intelligence and foreign relations there can be a critical difference between official and unofficial disclosures." *Fitzgibbon*, 911 F.2d at 765.

In recognition of the significant interests at play, the proponent of disclosure must meet an exacting standard. To qualify as "officially acknowledged," information must meet three separate criteria:

> First, the information requested must be as specific as the information previously released. Second, the information requested must match

5

SECRET // NOFORN

    the information previously disclosed .... Third ... the information requested must have already been made public through an official and documented disclosure.

*Id.* The proponent of disclosure bears the initial burden of specifically identifying information in the public domain. *Wolf*, 473 F.3d at 378. District courts must "insist[] on exactitude." *Id.* "Prior disclosure of *similar* information does not suffice; instead, the *specific* information sought ... must already be in the public domain by official disclosure." *Id.* (emphasis altered). In discharging its burden, the proponent of disclosure must offer more than "public speculation, no matter how widespread." *Id.*

### III. DISCUSSION

Petitioner seeks to lift the "protected information" designation from certain information in the Rester Documents—information which, for the most part, pertains to [REDACTED]—so that he may use it to gain support for and secure his release from federal custody. The Government, for its part, seeks to confirm the information's protected status. The Court shall begin by addressing whether the Government has met its burden of establishing that the information in the Rester Documents is entitled to protected status. For the reasons set forth below, the Court concludes that the Government has carried its burden with respect to some—but not all—of the information. Thereafter, the Court shall explain why Petitioner's arguments in favor of disclosure do not warrant a different result.

~~SECRET//NOFORN~~

*A. The Government Has Met its Burden with Respect to Some of the Information at Issue*

The parties' arguments are focused on three[3] categories of information identified by the Government, each of which corresponds to a separate rationale for designating the information as "protected information" under the terms of the Protective Order:

(1) Information concerning a wide range of intelligence subject matter;

(2) Information concerning [REDACTED]; and

(3) Information concerning [REDACTED].

Rester Decl. ¶ 8. The Court addresses each category in turn.

1. <u>Information Concerning Intelligence Subject Matter (Category 1)</u>

In the first category, Petitioner initially sought the right to publicly disclose a rather broad universe of information, including a detailed list identifying [REDACTED]. *See* Interrog. Resps. at 2-14. As he now "consents to the protected designation of the list," Pet'r's 2d Mem. at 3 n.2, the Court shall DENY the Petitioner's Motion for Disclosure and the Government's Motion to Confirm, as they relate to this information, as moot.

As a result of the narrowing of the universe of information at issue within Category 1, Petitioner now only seeks the right to publicly disclose a discrete part of Rester's response to an

---

[3] In his opening papers, Petitioner also challenged the Government's designation of information falling under the umbrella of a fourth category—*i.e.*, information concerning the manner in which intelligence operations are conducted and professional information concerning Rester. *See generally* Pet'r's Mem. Petitioner has since withdrawn the argument, and now "has no objection to the continued protected designation of [such] information." Pet'r's 2d Mem. at 6. The Court shall therefore DENY the Petitioner's Motion for Disclosure and the Government's Motion to Confirm, as they relate to this information, as moot.

7

SECRET // NOFORN

interrogatory calling for a description of [REDACTED]—specifically, Rester's representation that [REDACTED] (the "Category 1 Information"). Interrog. Resps. at 15. The Government situates this information within Category 1, which includes intelligence-collection priorities, intelligence gaps, current knowledge of terrorist organizations and personalities, intelligence asset allocation, and intelligence collectors' focus and capabilities. Rester Decl. ¶ 8(a). According to the sworn declaration submitted by the Government, such information is "highly sensitive" and its public disclosure "will cause damage" to national security interests by revealing, in the aggregate, a depiction of the United States' intelligence-gathering efforts. *Id.* More particularly, the Government argues that al Qaida and other enemy entities [REDACTED]. *Id.*

Clearly, the category described by the Government and the proffered rationale for non-disclosure are broad, which is perhaps unsurprising given that Petitioner initially sought the right to publicly disclose a much more expansive set of information within Category 1. Due to this breadth, there is a somewhat uneasy fit between the Government's description of the category, the proffered rationale for non-disclosure, and the discrete information now at issue. *See Ameziane*, 620 F.3d at 7 (recognizing that "the narrower the category for which the [G]overnment seeks protection, the more likely the . . . rationale will be sufficiently tailored" to support non-disclosure). Nevertheless, the Government's showing is sufficiently particularized; the heart of the Government's proffered rationale is that the public disclosure of [REDACTED] would threaten national security interests, and the public disclosure of Rester's response would

8

~~SECRET // NOFORN~~

reveal [REDACTED]. Interrog. Resps. at 15.[4] In short, the Government has identified a cognizable national security interest, logically explained why failing to protect information of this kind would likely harm that interest, and has specifically identified the information withheld on the basis asserted. As such, its assessment is entitled to substantial weight and deference and because Petitioner has provided no basis for disregarding that assessment, *see infra* Part III.B, the Court shall GRANT the Government's Motion to Confirm as it relates to the Category 1 Information.

### 2. Information Concerning [REDACTED] (Category 2)

In the second category, Petitioner seeks the right to publicly disclose information in the Rester Documents concerning [REDACTED] (the "Category 2 Information"). Simply by way of example,[5] the information within this category extends to the following statements:

- [REDACTED] Stip. at 3-4.
- [REDACTED] *Id.* at 10.

The Government offers two interrelated justifications for withholding such information from public disclosure.[6] Specifically, the Government posits that the release of this information

---

[4] Further, distilled to its essence, the Category 1 Information provides that [REDACTED]. Interrog. Resps. at 15. So viewed, it also appears to fit rather neatly within a second category of "protected information" claimed by the Government—namely, information concerning [REDACTED]. *See infra* Part III.A.2.

[5] Petitioner never disputes that each item of information that the Government has designated as within this category concerns [REDACTED], and the Court's independent review of the Government's designations confirms this to be the case.

[6] The Government also tenders a third justification—*i.e.*, that the public disclosure of the information would run counter to Petitioner's "numerous and continuous previous requests . . . that such information not be released to the public." Rester Decl. ¶ 8(b)(3). Because there are

9

~~SECRET // NOFORN~~

to the public would (a) [REDACTED] and (b) [REDACTED]. Rester Decl. ¶ 8(b); *see also* Stip. at 6 [REDACTED]. It is beyond cavil that the intelligence community has an interest in [REDACTED] and, in the Government's assessment, the public disclosure of [REDACTED] would negatively affect its ability to protect that interest. Once again, the Government has identified a cognizable national security interest, logically explained why failing to protect information of this kind would likely harm that interest, and has specifically identified the information withheld on the basis asserted. As such, its assessment is entitled to substantial weight and deference and because Petitioner has provided no basis for disregarding that assessment, *see infra* Part III.B, the Court shall GRANT the Government's Motion to Confirm as it relates to the Category 2 Information—*i.e.*, information concerning [REDACTED].

   3. <u>Information Concerning [REDACTED] (Category 3)</u>

In the third and final category, Petitioner seeks the right to publicly disclose information in the Rester Documents concerning [REDACTED]—specifically, information concerning [REDACTED] (the "Category 3 Information"). Rester Decl. ¶ 8(c). Because the Government avers that withholding such information from public disclosure is justified for the same reasons that withholding information concerning [REDACTED] is justified, *id.*, it is not altogether clear why the Government elected to treat it as a separate category. Indeed, nearly all the information concerning [REDACTED] expressly relates to [REDACTED], such that the disclosure of such

---

other grounds justifying non-disclosure, the Court declines to address this argument, which is plainly not predicated upon national security interests and would require the Court to assess both the relationship between Petitioner's current motion and such prior requests and the Government's standing to assert such an argument on Petitioner's behalf.

10

~~SECRET // NOFORN~~

information would, at the same time, disclose [REDACTED]. *See, e.g.*, Interrog. Resps. at 21 [REDACTED]. This information is all subject to protection for the same reasons discussed above. *See supra* Part III.A.2. Accordingly, the Court shall GRANT the Government's Motion to Confirm as it relates to the Category 3 Information—*i.e.* information concerning [REDACTED]—with the exception of two items of information.

Petitioner never disputes that each item of information that the Government has designated as within this category concerns [REDACTED], but the Court's independent review of the Government's designations reveals otherwise. Two statements in the Rester Documents do not, on their face, appear to have any relationship to [REDACTED] nor unambiguously [REDACTED]. These statements (the "Category 3 Excluded Statements") are:

- [REDACTED] Interrog. Resps. at 21.
- [REDACTED] *Id.* at 22.

There may be various reasons why these two statements may be subject to protection. For example, it may be that these statements, by suggesting that [REDACTED], also permit a reader to deduce that [REDACTED]. Or it may be that, as quotes from operational and other intelligence reports, the Category 3 Excluded Statements suggest, when considered alongside other public documents, a sufficiently well-established [REDACTED]. But this is speculation; the record simply is not sufficiently clear to permit the Court to make these inferences. In any event, the Government has sought to prevent the public disclosure of the Category 3 Excluded Statements on a single basis—*i.e.*, that they relate to [REDACTED]—and neither statement, on

11

~~SECRET // NOFORN~~

its face, appears to have a direct relationship to that proffered basis.[7] Balancing the Government's interest in preventing the public disclosure of information that would harm national security interests with the general presumption in favor of the public disclosure of judicial records, the Court concludes that the most prudent course is to afford the Government a second, and final, opportunity to articulate a sufficiently tailored rationale for protecting the Category 3 Excluded Statements. Accordingly, the Court shall DENY WITHOUT PREJUDICE the Government's Motion to Confirm as it relates to the Category 3 Excluded Statements.

> B. *Petitioner's Arguments in Support of Disclosure Do Not Warrant a Different Result*

Petitioner tenders three[8] principal arguments in support of disclosure, none of which counsel in favor of a different result. The Court addresses each argument in turn.

Petitioner first argues, in essence, that he requires more liberal use of information in the Rester Documents in order to petition unspecified government actors in his ongoing efforts to gain support for and secure his release from federal custody. Pet'r's Mem. at 2-6. Assuming, without deciding, that there may be a case in which the petitioner's proffered interest in disclosure may be so compelling as to override the Government's proffered interest in non-disclosure, this is not even remotely such a case. While understandable, Petitioner's interest simply does not outweigh the Government's "assessment of the harm to foreign relations and

---

[7] Indeed, it is not entirely clear that the statements are even responsive to the underlying interrogatory, which merely sought [REDACTED]. Interrog. Resps. at 20.

[8] In his opening papers, Petitioner made a fourth argument—*i.e.*, that the Government failed to comply with the procedural requirements set forth in the Protective Order for designating information as "protected." Pet'r's Mem. at 3. Petitioner has since withdrawn the argument. Pet'r's 2d Mem. at 2 n.1.

12

~~SECRET // NOFORN~~

national security that would result from officially disclosing" the information contained in the Rester Documents. *Ameziane*, 620 F.3d at 7; *see also id.* at 8 (district court erred by elevating petitioner's interest [REDACTED] over the Government's interest [REDACTED]).

Petitioner's second argument fails for the same reason. Petitioner broadly asserts that the Rester Documents "contain no information that, if disclosed to individuals other than Petitioner's counsel and the Court, would cause harm to the government." Pet'r's Mem. at 2. Similarly, he suggests that the "assessment of the balance between [REDACTED] that are associated with disclosure of [information concerning [REDACTED]] and the need for such disclosure[] in order to gain support for and secure his release, is an assessment for Petitioner and his counsel to make, not the government." *Id.* at 3. Simply put, Petitioner is mistaken; "[s]uch prioritizing [is] an [E]xecutive prerogative." *Ameziane*, 620 F.3d at 8. The relevant legal standard allocates to the Government the responsibility for evaluating the harms associated with public disclosure, and neither the proponent of disclosure nor the district court is free to substitute its "own policy judgments for those of the [E]xecutive." *Id.* In this case, the Government has brought its "far greater resources and aptitude" to bear on the issue, and its assessment is entitled to substantial weight and deference.[9] *Id.*

---

[9] Petitioner proffers a variety arguments that are nothing more than a variation on the same theme, and fail for the same reason. He asserts, for example, that (a) the disclosure of the information requested would [REDACTED], (b) his continued detention is most likely [REDACTED], and (c) the [REDACTED]. Pet'r's 2d Mem. at 4-6. Petitioner may very well have his own views as to the harms associated with public disclosure and what would best assist future intelligence gathering efforts, but those views are, quite frankly, immaterial. Our constitutional scheme has entrusted to the Executive the primary responsibility for the conduct of foreign affairs and matters of national security, and this Court is not free to intrude upon that domain lightly.

13

SECRET//NOFORN

Petitioner presses his third, and final, argument most strenuously, but it also is of no avail. He asserts that the information at issue is not entitled to protected status because an article published in the Washington Post (the "*Post* article") last spring attributes statements to unidentified "military officials" acknowledging and/or confirming [REDACTED]. Pet'r's 2d Mem. at 1; *see also* Peter Finn, *For Two Detainees Who Told What They Knew, Guantanamo Becomes a Gilded Cage*, Mar. 24, 2010, http://www.washingtonpost.com/wp-dyn/content/article/2010/03/24/AR2010032403135.html. However, because "there can be a critical difference between official and unofficial disclosures" in the arena of intelligence and national security, the mere fact that information is in the public domain does not suffice to support disclosure; rather, the information must "already have been made public through an *official and documented disclosure*." *Fitzgibbon*, 911 F.2d at 765 (emphasis added). For various reasons, the *Post* article—though it references "more than a dozen current and former military officials" as sources—is not such an official disclosure. First, while the article clearly states that an unspecified number of the military officials "spoke anonymously because much about the two detainees remains classified," it does not indicate whether those who did not speak anonymously were current or former military officials—an omission that is significant because only the former could conceivably make an "official disclosure" on the Government's behalf. Notably, the sources of the information specifically pertaining to Petitioner were apparently all former military officials who simply were not in a position to make an "official disclosure." Second, and in a similar vein, there is no indication that any "military official" provided information in his or her official capacity. Third, one of the "military officials" interviewed for the article—and the only

14

UNCLASSIFIED//FOR PUBLIC RELEASE

SECRET // NOFORN

one identified by name—is a retired military intelligence officer whom Petitioner has apparently retained to serve as an expert in this case.[10] Fourth, the article concerns not just Petitioner, but also another detainee—Mohamedou Ould Slahi ("Slahi")—and the article often fails to distinguish information about the two detainees, including information allegedly obtained from "military officials." Fifth, in addition to information from "military officials," the article relies upon information obtained from Slahi's counsel and transcripts of hearings at which both Slahi and Petitioner spoke, and the article generally fails to identify the source of specific items of information. In sum, Petitioner fails to identify a single passage in the *Post* article evidencing that a current government representative officially disclosed any of the specific information in the Rester Documents.[11] There being no evidence of an "official and documented disclosure," *Fizgibbon*, 911 F.2d at 765, Petitioner's argument must fail.

For these reasons, Petitioner has failed to establish a basis for allowing the public disclosure of any of the information at issue. Accordingly, the Court shall DENY his [218] Motion for Disclosure in its entirety.

---

[10] The Government has since asked Petitioner's counsel to confirm that she is not aware of any violations of the Protective Order in this case by individuals involved in the litigation.

[11] Separately, Petitioner has also failed to fully discharge his burden of specifically identifying information in the public domain. *Wolf*, 473 F.3d at 378. With one exception, *see* Pet'r's 2d Mem. at 3-4, Petitioner makes no meaningful attempt to correlate each item of information in the Rester Documents with corresponding statements in the *Post* article. As a result, his approach essentially reduces to an argument that some form of subject-matter waiver should apply to the Rester Documents. However, in this context, it is well-established that the "[p]rior disclosure of *similar* information does not suffice; instead, the *specific* information sought . . . must already be in the public domain by official disclosure." *Wolf*, 473 F.3d at 378 (emphasis altered).

15

~~SECRET // NOFORN~~

## IV. CONCLUSION

For the foregoing reasons, the Court shall:

1. DENY Petitioner's [218] Motion for Disclosure in its entirety; and

2. GRANT-IN-PART and DENY-IN-PART the Government's [221] Motion to Confirm. Specifically, the Court shall:

    a. GRANT the Government's Motion to Confirm as it relates to the Category 1 Information;

    b. GRANT the Government's Motion to Confirm as it relates to the Category 2 Information;

    c. GRANT the Government's Motion to Confirm as it relates to the Category 3 Information, with the exception of the Category 3 Excluded Statements;

    d. DENY WITHOUT PREJUDICE the Government's Motion to Confirm as it relates to the Category 3 Excluded Statements; and

    e. DENY as moot the remainder of the Government's Motion to Confirm.

An appropriate Order accompanies this Memorandum Opinion.

Date: January 18, 2011

/s/
**COLLEEN KOLLAR-KOTELLY**
United States District Judge

16