~~SECRET~~

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TARIQ MAHMOUD ALSAWAM,<br><br>Petitioner,<br><br>v.<br><br>BARACK H. OBAMA, President of the United States, *et al.*,<br><br>Respondents. | Civil Action No. 05-01244 (CKK)<br><br>Filed with Classified<br>Information Security Officer<br>CISO _____<br>Date  15 APRIL 2013 |

**MEMORANDUM OPINION AND ORDER**
(April 12, 2013)

Before the Court is a [281] motion to compel discovery, filed by Petitioner Tariq Mahmoud Alsawah (ISN 535) ("Petitioner"), a detainee at the United States Naval Base at Guantanamo Bay, Cuba. Also before the Court is a request by Petitioner, asserted in his [288] opposition to a notice of filing by the United States ("Respondents" or the "Government") of an *ex parte* motion requesting an exception to disclosure of certain materials which Respondents assert are potentially responsive to a prior disclosure Order of the Court. Petitioner has objected to the Government's filing of its motion *ex parte* as improper, requesting that the Court decline to consider the motion, or alternatively, deny it. For the reasons set forth below, the Court shall DENY both of Petitioner's requests for relief.

**I. BACKGROUND**

On June 22, 2005, Petitioner, an Egyptian national detainee at the United States Naval Base at Guantanamo Bay, Cuba ("Guantanamo"), filed a petition for writ of habeas corpus with this Court.

~~SECRET~~

~~SECRET~~

*See* Petition for Writ of Habeas Corpus, ECF No. [1]. The action was shortly thereafter stayed pending a ruling from the United States Court of Appeals for the District of Columbia Circuit on whether this Court had jurisdiction to entertain the petition, *see* Order (Aug. 4, 2005), ECF No. [3], and has subsequently been delayed for various reasons, including, but not limited to, Respondents' contemplated prosecution of Petitioner before a military commission, Petitioner's own requests for multiple extensions of time to file his traverse, and most recently, the lodging of several extensive discovery related motions.

Over the years, Petitioner's focus in this litigation has undergone a marked shift. Earlier in the case, Petitioner's efforts were focused on obtaining information relating to his cooperation with the Government in order to demonstrate that he has served as a valuable source of intelligence. Indeed, yet another reason this action remained at a standstill for quite some time was due to the parties' efforts to reach an agreement resolving the issues surrounding Petitioner's detention. Unsurprisingly, when negotiations failed to yield an agreement, Petitioner's focus shifted, such that today, Petitioner's challenge to his continued detention is based largely (albeit not exclusively) on his efforts to undermine the credibility of his many alleged inculpatory statements to interrogators. Petitioner's pending motion to compel is part of those efforts.

Petitioner filed his classified motion to compel discovery on June 18, 2012. *See* Notice of Filing of Pet'r's Mot. to Compel Discovery ("Pet'r's Mot."), ECF No. [281]. In brief, Petitioner seeks a less redacted version of a single document ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ On July 5, 2012, Respondents filed their classified memorandum in opposition to Petitioner's motion. *See* Notice of Filing of Resp'ts' Opp'n to Pet'r's



<a>
</a>

UNCLASSIFIED//FOR PUBLIC RELEASE

~~SECRET~~

Mot. to Compel ("Resp'ts' Opp'n"), ECF No. [283]. Respondents also filed on July 5, 2012 a classified *ex parte*, *in camera* supplement to their opposition memorandum. *See id.* Petitioner filed his classified reply memorandum in further support of his motion to compel on July 16, 2012. *See* Notice of Filing of Reply to Resp'ts' Mem. in Opp'n to Pet'r's Mot. to Compel Discovery ("Pet'r's Reply"), ECF No. [284].

On July 27, 2012, Respondents moved the Court, *ex parte*, to except the disclosure to Petitioner's counsel of certain classified materials potentially responsive to a prior disclosure order of the Court. That same date, and in accordance with the Protective Order governing this case, Respondents filed on the public docket a Notice of *Ex Parte, In Camera* Filing indicating, without more, the fact of their filing of the *ex parte* motion for exception to disclosure. *See* Notice of *Ex Parte, in Camera* Filing, ECF No. [286]. On August 13, 2012, Petitioner filed a memorandum in opposition to Respondents' filing, arguing, *inter alia*, that the filing of a motion for exception to disclosure *ex parte* is improper and that Respondents' motion should therefore be denied. *See* Pet'r's Opp'n to Resp't's *Ex Parte* Mot. for Exception from Disclosure ("Pet'r's Opp'n"), ECF No. [288]. Respondents filed their reply to Petitioner's opposition on August 23, 2012. *See* Resp't's Reply to Pet'r's Opp'n to Resp't's *Ex Parte* Mot. for Exception to Disclosure ("Resp't's Reply"), ECF No. [290].

Having carefully considered the parties' submissions, the relevant authorities, and the record as a whole, the Court shall now address both Petitioner's motion to compel and the propriety of Respondents' *ex parte* motion for an exception to disclosure, in the order in which they were filed.

3





## II. DISCUSSION

### A. Petitioner's Motion to Compel

#### 1. Legal Standard

Petitioner's Motion to Compel is governed by the [68] Case Management Order entered by Judge Thomas F. Hogan on November 6, 2008, as amended by Judge Hogan's [86] Order dated December 16, 2008 (the "CMO"), and as supplemented by this Court's [149] Order Regarding Petitioner's Requests for Additional Discovery dated April 6, 2009 ("April 6, 2009 Order"). For purposes of Petitioner's Motion to Compel, the Government's relevant disclosure obligations under this regime are three-fold.

First, Section I.D.1 of the CMO delineates the scope of Respondents' ongoing obligation to disclose "exculpatory evidence" to Petitioner even in the absence of a specific request. Specifically, the Government must "disclose to the petitioner all reasonably available evidence in its possession that tends materially to undermine the information presented to support the government's justification for detaining the petitioner." CMO § I.D.1. The term "exculpatory evidence" includes, but is not limited to, "any evidence or information that undercuts the reliability and/or credibility of the Government's evidence," such as "evidence that casts doubt on a speaker's credibility, evidence that undermines the reliability of a witness's identification of Petitioner, evidence that indicates a statement is unreliable because it is the product of abuse, torture, or physical incapacity, or evidence that demonstrates material inconsistencies between statements." Apr. 6, 2009 Order at 2.

Second, Section I.E.1 of the CMO requires the Government to disclose the following categories of information to Petitioner upon his request: "(1) any documents and objects in the

4



~~SECRET~~

government's possession that the government relies on to justify detention; (2) all statements, in whatever form, made or adopted by the petitioner that the government relies on to justify detention; and (3) information about the circumstances in which such statements of the petitioner were made or adopted." CMO § I.E.1. The phrase "circumstances in which such statements of the petitioner were made or adopted" encompasses "all surrounding circumstances," including, but not limited to, "the use of coercive tactics as well as inducements and promises." Apr. 6, 2009 Order at 3.

Third, Section I.E.2 of the CMO confers upon the Court the discretion to authorize additional limited discovery beyond what is required by Sections I.D.1 and I.E.1 upon a showing of "good cause." Requests for additional discovery must "(1) be narrowly tailored, not open-ended; (2) specify the discovery sought; (3) explain why the request, if granted, is likely to produce evidence that demonstrates that the petitioner's detention is unlawful; and (4) explain why the requested discovery will enable the petitioner to rebut the factual basis for his detention without unfairly disrupting or unduly burdening the government." CMO § I.E.2 (internal citations and quotations omitted).

2. Analysis

Preliminarily, the Court pauses to clarify the scope of its analysis of Petitioner's motion. Petitioner's motion to compel seeks a less redacted copy of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ which was provided to Petitioner's counsel on March 23, 2011. First, Petitioner requests that the Government provide a copy of the report that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Second, Petitioner requests that the Court order the

5



~~SECRET~~

Government to disclose the information in the report ███████████ ███████████ Regarding Petitioner's first request, the Government represents in its opposition brief that it is "inquiring with the relevant officials as to whether it would be feasible to clear the additional information ███████████ ███████████ Accordingly, there does not appear to be a need for the Court to resolve Petitioner's request for release of those portions of the report ███████████ at this time, and this request shall be therefore denied without prejudice. Respondents shall promptly attempt to obtain all necessary clearances and produce the relevant portions of the report to Petitioner.

Regarding Petitioner's request that the Court compel Respondents to disclose any information in the report relating to ███████████ Respondents first argue that this request should be denied as untimely, as the report was originally disclosed to Petitioner on March 23, 2011, over one year before Petitioner filed the instant motion. *See* Resp'ts' Opp'n at 9-11. While the Court recognizes that Petitioner could have made this request earlier, the Court also acknowledges that the landscape of this case has been under continual factual and legal development with the Government's ongoing disclosures. The Court also deems worthy of consideration Petitioner's representation that although the Government originally disclosed the report on March 23, 2011, the government disclosed a less redacted version nearly one year later, on February 13, 2012, and it was not until May 24, 2012, when counsel for Petitioner, upon receiving the Government's response to ███████████ ███████████ Moreover, the

6



Government has failed to identify any material prejudice that it would suffer by virtue of having to comply with a request for additional discovery, limited to portions of a single document, at this time. The Court has not set dates for the merits hearing or even for the briefing of pre-hearing motions, and any delay caused by requiring Respondents to produce this limited additional discovery would be minimal in the overall scheme of this lengthy and complex litigation. Accordingly, the Court concludes that timeliness does not present a bar to the Court's consideration of Petitioner's motion to compel.

Next, the Government argues that, even if timely, Petitioner's motion falls far short of meeting the standard for obtaining additional discovery set forth in the CMO and should therefore be denied on its merits. *See* Resp'ts' Opp'n at 11-14. The Court agrees that Petitioner has not satisfied the requirements set forth in § I.E.2 of the CMO for seeking discovery beyond that to which he is automatically entitled, as he has failed to explain with specificity how the information pertaining to ████████████████ will produce evidence that his detention is unlawful, or how such information will enable him to rebut the factual basis for his detention without unduly burdening the Government.



SECRET



Petitioner fails to recognize, however, that "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Al-Adahi v. Obama*, 597 F. Supp. 2d 38, 44 (D.D.C. 2009) (citing *Bracy v. Gramley*, 520 U.S. 899, 904 (1997)). Rather, pursuant to the provisions of the CMO governing discovery in the context of this unique Guantanamo litigation, Petitioner may be entitled to additional "limited discovery" beyond the categories of discovery to which he is automatically entitled only upon a "narrowly tailored" request that will not "unfairly disrupt[] or unduly burden[] the government" and is "likely to produce evidence that demonstrates that the petitioner's detention is unlawful." CMO § 1.E.2. Fatal to Petitioner's motion here is that he has made no attempt whatsoever to explain how information pertaining to ███████████████ is, in and of itself, likely to undermine the evidence upon which the Government relies to justify Petitioner's detention. Petitioner's mere speculation that ████████ may have additional information helpful to his case is simply not enough. Nor are Petitioner's vague assertions that the identifying information is necessary to

8



SECRET

"fully demonstrate the significance" and "demonstrate the basis for and reliability of" the assessment reflected in the report. Pet'r's Mot. at 4. As Petitioner himself acknowledges, it is the Government that bears the burden of proving that Petitioner is lawfully detained. *See id.* at 5 (citing *Al Rabiah v. United States*, 658 F. Supp. 2d 11, 19-20 (D.C. Cir. 2009). Accordingly, there exists no need for Petitioner to ▮▮▮▮ as the burden lies with Respondents to convince the Court that ▮▮▮▮ should be disregarded.

Finally, the Court finds that even if Petitioner had sufficiently established the likelihood that his request would lead to evidence showing the unlawfulness of his detention, his request must nevertheless be denied as "unfairly disrupti[ve]" and "unduly burden[some]" to the Government. *See* CMO § I.E.2. Upon consideration of Respondents' *ex parte* declaration submitted in support of their opposition to Plaintiff's motion, the Court finds that disclosure ▮▮▮▮ undermining the national security interests of the United States. Further, any attempt by Petitioner's counsel to ▮▮▮▮ likewise threatening national security.

In summary, Petitioner has failed to explain why disclosure of information in the report ▮▮▮▮ will enable him to rebut the factual basis for his detention without unfairly disrupting or unduly burdening the Government. His request for an order compelling the Government to disclose such information must therefore be denied in accordance with Section I.E.2 of the CMO.

SECRET

### B. Respondents' *Ex Parte* Motion for Exception to Disclosure

The Court shall turn now to Respondents' *ex parte* motion to except the disclosure to Petitioner's counsel of certain classified materials potentially responsive to a prior disclosure Order of the Court. On August 13, 2012, having received notice of Respondents' *ex parte* filing, Petitioner filed a memorandum in opposition to that filing, contending that the filing of a motion for exception to disclosure *ex parte* is itself improper and that Respondents' motion should therefore be denied. *See* Pet'r's Opp'n to Resp't's *Ex Parte* Mot. for Exception from Disclosure ("Pet'r's Opp'n"), ECF No. [288]. Specifically, Petitioner argues that although the CMO permits the Government to seek an exception to a disclosure obligation and to submit the materials it seeks to withhold to the Court for *in camera* inspection, the CMO does not provide for the *ex parte* filing of a *motion* for such exception. *Id.* at 1-4. Petitioner further argues that because the Government's *ex parte* motion denies counsel for Petitioner a meaningful opportunity to be heard, the Court should disregard the motion in its entirety. *Id.* Alternatively, Petitioner argues that if the Court opts to reach the merits of Respondents' motion, it should be denied, as under *Al Odah v. United States*, 559 F.3d 539 (D.C. Cir. 2009), where the withheld classified information is material to Petitioner's habeas case, and the Government has not offered an alternative means of disclosure, such as an adequate substitute, the Government is required to disclose the information. *Id.* at 6-8.

As an initial matter, the Court finds Petitioner's arguments regarding the propriety of an *ex parte* motion for an exception to disclosure unavailing. Respondents bring their motion pursuant to Section I.F of the CMO, which provides, in relevant part, that "[i]f the government objects to providing the petitioner's counsel with the classified information [otherwise required to be

10

SECRET

SECRET [stamp, crossed out]

disclosed], the government shall move for an exception to disclosure." ECF No. [86], at 3. There is nothing in the CMO precluding the filing of a motion for exception to disclosure *ex parte*. Indeed, several other courts in this district have considered such *ex parte* motions. *See, e.g., Khairkhwa v. Obama*, 793 F. Supp. 2d 1, 9 (D.D.C. 2011); *Darbi v. Obama*, 680 F. Supp. 2d 7, 17 (D.D.C. 2009); *Ali Shah Mousovi v. Obama*, Civ. A. No. 05-1124, Order (Sept. 28, 2011) (RMC).

Furthermore, as Respondents argue, Section I.F motions, by their nature, must explain the Government's rationale for objecting to the disclosure of the sensitive information, which necessarily requires discussion of the nature and/or substance of the classified information at issue. *See* Resp'ts' Reply at 2. Here, the Court has conducted an independent, *in camera* review of both the Government's motion for an exception to disclosure and the unredacted documents that are the subject of the motion and finds that the justification provided by the Government in its motion is indeed inescapably tethered to and indicative of the nature and substance of the classified information at issue. *See Mousovi*, Order (Sept. 28, 2011) at 5 n.3 (rejecting petitioner's argument that the government may not file *ex parte* the motion for an exception to disclosure because, *inter alia*, "the Government's explanation and rationale for an exception to disclosure is inextricably linked to the nature and substance of the classified information.").

For all of the foregoing reasons, the Court concludes that the filing of an *ex parte* motion for exception to disclosure was itself permissible under the instant circumstances. While Petitioner vaguely argues that, in the event the Court opts to reach the merits of Respondents' motion, it should be denied, Petitioner has not – and indeed could not – offer any support for this argument without additional information regarding the materiality of the withheld information to Petitioner's habeas

11



UNCLASSIFIED//FOR PUBLIC RELEASE

~~SECRET~~

case, or the feasibility of a substitute means of disclosure. It is incumbent upon the Court to consider the motion and the content of the withheld information to determine whether or not the material, or any portion thereof, requires disclosure under the standards set forth by the Court of Appeals in *Al Odah*, 559 F.3d 539.

Accordingly, the Court shall consider and issue its ruling on Respondents' *ex parte* motion for an exception to disclosure by separate order.

### III. CONCLUSION AND ORDER

For all of the foregoing reasons, it is, this 12th day of April, 2013, hereby

**ORDERED** that because the filing by Respondents of their July 27, 2012 *ex parte* motion for an exception to disclosure, *see* ECF No. [286], is clearly contemplated by the case law and the Case Management Order governing this action, Petitioner's request that the Court disregard or summarily deny Respondents' motion is DENIED; it is further

**ORDERED** that Petitioner's [281] motion to compel discovery shall be DENIED to the extent it requests information relating to █████████████████████████ █████████████████████ that is contained in the document at issue; it is further

**ORDERED** that, in light of Respondents' representation that they are inquiring with the relevant officials as to whether it would be feasible to clear for production to Petitioner's counsel those portions of the document that █████████████████████████ █████████████ the Court shall at this time DENY WITHOUT PREJUDICE Petitioner's motion to compel to the extent it seeks such information. Respondents shall promptly attempt to obtain all necessary clearances and produce the relevant portions of the Report; it is further

12





ORDERED that by no later than **June 24, 2013**, the parties shall meet and confer and file a Joint Status Report with the Court: (1) affirming that discovery in this action has concluded; (2) proposing a schedule for further proceedings (including a scheduling for the filing of revised witness and exhibit lists and pre-hearing motions); and (3) identifying any and all pre-hearing motions (legal, evidentiary, etc.) that the parties intend to file.

**SO ORDERED**.

/s/
**COLLEEN KOLLAR-KOTELLY**
United States District Judge